■ PHYLLIS GOTTDANK, Appellant-Respondent, v MILTON F. GOTTDANK, Respondent-Appellant. — In an action in which the plaintiff wife was previously granted a judgment of divorce, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), entered June 30, 1980, as (1) modified downward the support payable to her alone to $200 per week, and (2) denied her application for a counsel fee. The defendant husband cross-appeals, as limited by his notice of appeal and brief, from so much of the order as limited the reduction in support to only $200 per week. Order modified, on the facts, by increasing the amount of support to $250 a week (which is in addition to the amount defendant is required to pay on account of arrears). As so modified, order affirmed, insofar as appealed from, without costs or disbursements. In increasing the amount of support to $250 per week, the factors this court considered were the length of the marriage, the marital standard of living, the parties' financial condition, and their health. In light of plaintiff's assets, her request for a counsel fee lacks merit. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.

■ HICKSVILLE METAL PRODUCTS, INC., Appellant, v JEREMIAH BURNS, INC., et al., Respondents. — Appeal from a judgment of the Supreme Court, Nassau County (Vitale, J.), entered May 25, 1979, which dismissed the complaint following (1) the granting at the close of the plaintiff's case, that branch of the defendants' motion which was to dismiss the second and third causes of action, and (2) a jury verdict in defendants' favor as to the first cause of action. Judgment modified by deleting the provision thereof dismissing the complaint and substituting a provision dismissing the second and third causes of action. As so modified, judgment affirmed and a new trial is granted with respect to the first cause of action, with costs to abide the event. There was no evidence from which the jury could possibly find that plaintiff was contributorily negligent and no charge should have been given thereon. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.